SUE ELLEN WOOLDRIDGE
Assistant Attorney General
BEVERLY F. LI (WSBA #33267)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Div.
P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 353-9213
Facsimile: (202) 514-8865
beverly.li@usdoj.gov

Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE ARK INITIATIVE, DONALD DUERR, ALEX FORSYTHE, and PAUL SMITH, <br><br>  Plaintiffs, <br><br>   v. <br><br> UNITED STATES FOREST SERVICE; and DALE BOSWORTH, Chief, United States Forest Service, <br><br>  Federal Defendants. | Civil Case No. 06-CV-1574-JDB |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' UNOPPOSED MOTION TO TRANSFER VENUE TO THE DISTRICT OF COLORADO**

Federal Defendants hereby move to transfer this case pursuant to 28 U.S.C. § 1404(a) to the U.S. District Court for the District of Colorado on the grounds that the case could have been brought there originally, and because transfer is in the interest of justice and would not inconvenience the parties. Federal Defendants have consulted with counsel for Plaintiffs who indicated that Plaintiffs do not oppose this motion.

Plaintiffs challenge the Forest Service's decision to authorize the implementation of three Master Plan improvements on the Snowmass Ski Area in the White River National Forest located entirely within the District of Colorado. There is strong local interest in resolving this dispute over the management of the White River National Forest in the District of Colorado,

which encompasses that land. For these reasons and those explained in detail below, the Court should grant Federal Defendants' motion and transfer this case to the District of Colorado.

## BACKGROUND

As Plaintiffs acknowledge, the Snowmass Ski Area is located entirely in Pitkin County, Colorado. Compl. ¶ 35; Final Environmental Assessment ("EA") for the Snowmass Ski Area Master Plan Amendment Improvements Project at 4 (attached hereto as Exh. A). Approximately 80 percent of the land the Snowmass Ski Area occupies is on the White River National Forest, and the remainder of the Area occupies private land in Colorado. Compl. ¶ 35; EA at 5.

Plaintiffs are: The Ark Initiative, a nonprofit organization with an address in Wyoming; Donald Duerr, the founder and director of The Ark Initiative, who is a resident of Wyoming; Alex Forsythe, a resident of Florida; and Paul Smith, a resident of Colorado. Compl. ¶¶ 9, 12-13, 15, 20. Plaintiffs challenge the Forest Service's decision to authorize the Snowmass Ski Area Master Plan Amendment Improvements Project ("Project") under the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4321 *et seq.*; and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* Compl. ¶¶ 87-99. Plaintiffs allege that the Final Environmental Analysis and Decision Notice/Finding of Non Significant Impact ("DN/FONSI") for the 2006 Snowmass Ski Area Master Plan Amendment Ski Area Improvements Project violate NEPA and the APA because the Forest Service: prematurely made an irreversible and irretrievable commitment of resources that limited the choice of reasonable alternatives; improperly segmented its environmental analysis; failed to prepare an Environmental Impact Statement ("EIS"); failed to analyze a reasonable range of alternatives; failed to adequately consider the direct, indirect, and cumulative effects of the Project; improperly tiered to certain documents; did not provide adequate public notice; and failed to conduct a public hearing. Plaintiffs also claim that in tiering the 2003 Master Plan Amendment to the 1994 Snowmass Ski Area Master Development Plan, the Forest Service violated NEPA and the APA because it did not conduct an EA or EIS when it allegedly made an irreversible and irretrievable commitment

of resources. Plaintiffs further allege that the Forest Service violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by failing to timely provide documents Plaintiffs requested, requiring Plaintiffs to pay search fees to obtain the documents, and failing to issue a final determination on their administrative appeal. Compl. ¶¶ 79-86, 95-99.

## **ARGUMENT**

### I.   The Court Has Broad Discretion to Transfer this Case under 28 U.S.C. § 1404(a)

This Court has the authority under 28 U.S.C. § 1404(a) to transfer this case to the District of Colorado. Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The Court has broad discretion to adjudicate motions to transfer pursuant to 28 U.S.C. § 1404(a)." McGovern v. Burrus, 407 F. Supp. 2d 26, 27 (D.D.C. 2005); see Pyrocap Int'l Corp. v. Ford Motor Corp., 259 F. Supp. 2d 92 (D.D.C. 2003). Courts should exercise the discretion to transfer "according to individualized, case-by-case consideration of convenience and fairness." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)); see Piper Aircraft v. Reyno, 454 U.S. 235, 257 (1981). In resolving motions to transfer under 28 U.S.C. § 1404(a), courts in this Circuit have followed the case-by-case approach. See, e.g., Holland v. A.T. Massey Coal, 360 F. Supp. 2d 72, 75 (D.D.C. 2004). The Court should consider what districts would support venue, as well as public and private interest factors. Id. at 76; Sierra Club v. Flowers, 276 F. Supp. 2d 62, 65 (D.D.C. 2003); .

As Defendants establish below, the connection between Plaintiffs, the controversy, and the chosen forum in this case – the District of Columbia – is highly attenuated, thus favoring transfer to the judicial district where the White River National Forest is located, the District of Colorado.

### II.   This Case Could Have Been Brought in the District of Colorado

The only limitation on the Court's discretion to transfer a case under 28 U.S.C. § 1404(a)

FED. DEFS.' MEM. IN SUPP. OF
MOT. TO TRANSFER VENUE
Civ. No. 06-1574-JDB                    - 3 -

is the requirement that the new forum be a "district or division where [the case] might have been brought." 28 U.S.C. § 1404(a); see S. Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 86 (D.D.C. 2004) ("SUWA").  Where the case "might have been brought" is determined by 28 U.S.C. § 1391(e), which provides that in suits against agencies of the United States, venue is proper in "any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) the plaintiff resides . . . ."  Id.  Because all of the claims in this case could have been brought in the District of Colorado, transfer of Plaintiff's claims to that judicial district is proper.

Plaintiffs here might have properly brought their NEPA and APA claims in the District of Colorado on any number of bases under 28 U.S.C. § 1391(e).  For example, the project Plaintiffs challenge is located in the White River National Forest, which lies entirely within the District of Colorado.  Therefore, that is "the judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(e)(2).  Additionally, Plaintiffs' NEPA and APA claims could have been brought in the District of Colorado because it is a "judicial district in which [] a defendant in the action resides . . . ."  28 U.S.C. § 1391(e)(1).  The headquarters office for the White River National Forest is in Colorado, as is the relevant Regional Office of the Forest Service, and thus the Forest Service can be considered to reside in the District of Colorado.

Plaintiffs' FOIA claim could have been brought in the District of Colorado under 5 U.S.C. § 552(a)(4)(B)(1), because it is where one of the Plaintiffs, Paul Smith, resides.  Their FOIA claim could also have been brought in the District of Colorado under 5 U.S.C. § 552(a)(4)(B)(3), because the records sought are located there.

Therefore, because this case "might have been brought" in the District of Colorado, the Court has power to transfer the case there.  28 U.S.C. § 1404(a).

**III.    The Interest of Justice Favors Transfer**

In determining whether to transfer a case, courts consider the balance of various public-

interest and private-interest factors, not all of which are relevant here.  Public interest factors include:  the transferee court's familiarity with governing laws, the relative congestion of the courts' dockets, and the local interest in deciding local controversies at home.  See Flowers, 276 F. Supp. 2d at 65 (citing Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996)).  Private interest factors include:  the parties' respective choices of forums, whether the claim arose elsewhere, convenience of the parties and witnesses, and ease of access to sources of proof.  Id.  The Supreme Court has held that Section 1404(a) should be used to protect the public against unnecessary inconvenience and expense.  See Continental Grain Co. v. The Barge FBL-585, 364 U.S. 19, 21 (1960).  Ultimately, transfers under Section 1404(a) should prevent a waste of time, energy and money for both the parties and the judiciary.  See Van Dusen, 376 U.S. at 622.

        **A.**    **Public Interest Considerations Favor Transfer**

              **1.**    **The Local Interest Favors Transfer Because this Case Involves a Dispute over the Management of Lands Located in Colorado**

"Land is a localized interest because its management directly touches local citizens." SUWA, 315 F. Supp. 2d at 88.  The local interest in having land management decisions heard in the jurisdiction where the land is located is a significant element in determining whether the interest of justice favors transfer.  See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221-22 (7th Cir. 1986) (interest of justice may be determinative); see also SUWA, 315 F. Supp. 2d at 88-89 (transferring to Utah a case challenging decision to allow sale of oil and gas leases on Utah lands managed by the Bureau of Land Management); Flowers, 276 F. Supp. 2d at 71 (granting motion to transfer case involving Florida Everglades in part because of the "depth and extent of Florida's interest").  As the Supreme Court has stated,

> In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. *There is a local interest in having localized controversies decided at home.*

Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947) (emphasis added).

FED. DEFS.' MEM. IN SUPP. OF
MOT. TO TRANSFER VENUE
Civ. No. 06-1574-JDB                   - 5 -

The residents of Colorado have a "compelling interest . . . in having this localized controversy decided at home" because this case involves land management in Colorado. Trout Unlimited, 944 F. Supp. at 19; see also Citizen Advocates for Responsible Expansion, Inc. v. Dole, 561 F. Supp. 1238, 1240 (D.D.C. 1983) (transferring case to Texas from Washington, D.C. because highway proposal was uniquely local concern). "[S]uits such as this one, which involve . . . environmental regulation and local wildlife – matters that are of great importance in the State of Colorado – should be resolved in" Colorado "where the people 'whose rights and interests are in fact most vitally affected'" are located. Trout Unlimited, 944 F. Supp. at 20 (additional internal quotation marks omitted) (quoting Adams v. Bell, 711 F.2d 161, 167 n.34 (D.C. Cir. 1983)); see Hawksbill Sea Turtle v. FEMA, 939 F. Supp. 1, 3 n.5 (D.D.C. 1996) (noting the importance of permitting local citizens to attend and observe proceedings in an environmental case).

Local communities near the White River National Forest were involved in the public comment process during the development of the Project. Legal announcements notifying the public of the Project proposal and the availability of the draft EAs were published in the local newspapers, such as the Aspen Times Weekly. EA at 5; DN at 9-10 (attached hereto as Exh. B). The Colorado Division of Wildlife submitted a written comment letter during the scoping process. DN at 9. The Forest Service also received comment letters from multiple individuals and entities in Colorado on the final EA. DN at 10.

Thus, the localized interest in the Project favors transfer to Colorado.

**2.      The Courts' Relative Caseloads Favor Transfer**

The relative caseloads of the District of Columbia and the transferee court, the District of Colorado, also favor transfer. While docket "congestion alone is not sufficient reason for transfer, it is true that relative docket congestion and potential speed of resolution is an appropriate factor to be considered." SEC v. Savoy Indus., Inc., 587 F.2d 1149, 1156 (D.C. Cir. 1978) (internal quotation marks and citations omitted). According to a report by the

Administrative Office of United States Courts, the District of Columbia had 30 percent more civil cases pending as of March 31, 2004 than the District of Colorado (DC: 3282 cases; Colorado: 2527 cases), and 45 percent more civil cases pending as of March 31, 2005 (DC: 3309 cases; Colorado: 2280 cases).  See Admin. Office of U.S. Courts, Federal Judicial Caseload Statistics 36-38 (Table C) (Mar. 31, 2005), available at http://www.uscourts.gov/caseload2005/contents.html (attached hereto as Exh. C).  The average time for termination of a civil case in the District of Columbia is 10.0 months, compared to 8.4 months in the District of Colorado.  Id. at 54-56 (Table C-5) (attached hereto as Exh. D).  Therefore, because the District of Colorado has fewer pending civil cases and a shorter median period for termination of cases, the relative docket congestion favors transfer to Colorado.  Moreover, because this case is in its earliest stages, in which no answer or other responsive pleading has yet been filed, "there would be no delay associated with the Colorado district court's having to familiarize itself with this case." Trout Unlimited, 944 F. Supp. at 19.

In sum, the public interest considerations favor transfer to Colorado.

**B.  Private Interest Considerations Favor Transfer**

    **1.  The Majority of the Operative Facts Underlying Plaintiffs' Claims Occurred in Colorado**

The relationship of the agency action at issue in this matter to Washington, D.C. is attenuated.  Each National Forest is managed by a Forest Supervisor who "has overall responsibility for the preparation and implementation of the forest plan," among other duties.  36 C.F.R. § 219.10(a)(2).  The Forest Supervisor is thus vested with authority to manage the particular National Forest under her jurisdiction.  See 36 C.F.R. § 200.2(a)(1).  It is the responsibility of the Forest Supervisor, who approves site-specific projects on the National Forest under her supervision, to implement the forest plan.  See id.  The decision to implement the Project was made by the Forest Supervisor on the White River National Forest in Colorado.  DN at 12.  The Forest Service employees responsible for preparing the Project are located at the

Aspen Ranger Station in Aspen, Colorado. There is no evidence that federal officials in the District of Columbia played "an active or significant role" in the decision to implement the project. See Airport Working Group of Orange County, Inc. v. U.S. Dep't of Def., 226 F. Supp. 2d 227, 230 (D.D.C. 2002); Flowers, 276 F. Supp. 2d at 67; Valley Cmty. Preservation Comm'n v. Mineta, 231 F. Supp. 2d 23, 47 (D.D.C. 2002). More importantly, because this is a case under NEPA and the APA, it is subject to review based on the administrative record. See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985) ("'[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'") (citing Camp v. Pitts, 411 U.S. 138, 142 (1973)); Fund for Animals v. Babbitt, 903 F. Supp 96, 105 (D.D.C. 1995). The documents comprising the record are located in Colorado.

### 2. Transfer Would Not Result in Inconvenience or Prejudice

Transfer would not result in inconvenience or prejudice to the parties because the District of Columbia is not Plaintiffs' home forum and because this case involves judicial review of an administrative record.

"Deference to plaintiffs' forum choice is diminished where, as here, transfer is sought to the plaintiffs' resident forum." Airport Working Group, 226 F. Supp. 2d at 230 (internal quotation marks and citation omitted); see SUWA, 315 F. Supp. 2d at 86 (stating that the degree of weight given to plaintiff's choice of forum is diminished when the chosen forum "lacks meaningful ties to the controversy and [has] no particular interest in the parties or subject matter") (internal quotation marks and citation omitted). The District of Columbia is not the home forum of *any* Plaintiff. On the contrary, the District of Colorado is the resident forum for Plaintiff Paul Smith. Additionally, because Plaintiff The Ark Initiative is located in Wyoming, and the individual Plaintiffs are residents of Wyoming, Florida, and Colorado, transfer to Colorado would not inconvenience Plaintiffs any more than litigating in the District of Columbia would. Plaintiffs are likely able to travel to the District of Colorado as easily as traveling to

Washington, D.C. Indeed, each of the individual Plaintiffs claims to have regularly visited the Snowmass Ski Area or surrounding areas in Colorado. Compl. ¶¶ 10, 15, 20.

Although one of Plaintiffs' attorneys in this case is based in the District of Columbia, that fact should be given very little weight in determining whether the case should be transferred. See In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue"); Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered."); Flowers, 276 F. Supp. 2d at 69 ("Because this action involves an administrative review that the court is likely to determine on the papers, the location of counsel – already given 'little, if any, weight' in transfer determinations – makes no difference here"). Plaintiffs' lead attorney is based in Idaho, and another one of their attorneys is located in Florida. See Compl. at 27. Thus, transfer to the District of Colorado would place no more of a burden on Plaintiffs in terms of the cost and relative convenience of the forum. The fact that one of Federal Defendants' counsel is located in the District of Columbia "does not justify denying transfer because any inconvenience to [Defendants' counsel] is offset by the fact that they represent the party requesting the transfer." National Wildlife Fed. v. Harvey, 437 F. Supp. 2d 42, 48 (D.D.C. 2006) (internal quotation marks and citation omitted).

Finally, the NEPA and APA claims in this case will be reviewed under the APA on the basis of an administrative record. See Florida Power, 470 U.S. at 743; Fund for Animals, 903 F. Supp. at 105. As a result, convenience of witnesses "has less relevance because this case involves judicial review of an administrative decision." Trout Unlimited, 944 F. Supp. at 18; see also SUWA, 315 F. Supp. 2d at 88 (not considering convenience to witnesses where court's review would be based upon administrative record and parties agreed witnesses would not be necessary); Flowers, 276 F. Supp. 2d at 69 (stating that because the case involved review of an

FED. DEFS.' MEM. IN SUPP. OF
MOT. TO TRANSFER VENUE
Civ. No. 06-1574-JDB                         - 9 -

administrative record, "the location of witnesses is not a significant factor").[1]  Accordingly, the Court should conclude that the interest of justice favors transfer to the District of Colorado and that litigation there would not result in inconvenience to the parties or any witnesses.

## CONCLUSION

For the foregoing reasons, the Court should grant Federal Defendants' motion and transfer this case to the United States District Court for the District of Colorado.

Respectfully submitted this 20th day of October, 2006.

        SUE ELLEN WOOLDRIDGE
        Assistant Attorney General
        /s/    Beverly F. Li
        BEVERLY F. LI (WSBA #33267)
        Trial Attorney
        U.S. Department of Justice
        Environment & Natural Resources Div.
        P.O. Box 663
        Washington, DC 20044-0663
        Telephone: (202) 353-9213
        Facsimile: (202) 514-8865
        beverly.li@usdoj.gov

        Attorney for Federal Defendants

---

[1] While witnesses are unlikely to be necessary to resolution of this matter, to the extent that depositions or court testimony are required, for example to attest to harm which might occur from the injunctive relief that Plaintiffs request, all of Federal Defendants' employees who would testify are located within the District of Colorado.

FED. DEFS.' MEM. IN SUPP. OF
MOT. TO TRANSFER VENUE
Civ. No. 06-1574-JDB                              - 10 -

# TABLE OF EXHIBITS

| *Exhibit* | *Description* |
|---|---|
| A | Excerpts from: Final Environmental Assessment for the Snowmass Ski Area Master Plan Amendment Improvements Project (Feb. 2006) |
| B | Decision Notice and Finding of No Significant Impact for the Snowmass Ski Area Master Plan Amendment Improvements Project (Feb. 2006) |
| C | Admin. Office of U.S. Courts, Federal Judicial Caseload Statistics 36-38 (Table C) (Mar. 31, 2005) |
| D | Admin. Office of U.S. Courts, Federal Judicial Caseload Statistics 36-38 (Table C-5) (Mar. 31, 2005) |

# CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006, I electronically filed the foregoing FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO TRANSFER VENUE TO THE DISTRICT OF COLORADO with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James B. Dougherty
LAW OFFICE OF J.B. DOUGHERTY
709 Third Street, SW
Washington, DC 20024
Tel: (202) 488-1140
Fax: (202) 484-1789
Email: jdoughertydc@yahoo.com

Attorney for Plaintiffs

I hereby certify that on October 20, 2006, I served the foregoing by first class mail, postage prepaid, to the following counsel of record:

Judith Brawer
150s N. 7th Street
Boise, ID 83702
Tel: 208-871-0596
jbrawer@brawerlaw.com

Attorney for Plaintiffs


                                           /s/ Beverly F. Li
                                         Beverly F. Li
                                         Attorney for Federal Defendants